Sandra BINDER; Richard Oscar Grant, Jr.; Joel W. Vann; Jonathan A. Haber; James R. Guy, Jr.; Francis D. Virtuoso; Dorothy K. Virtuoso; Clifton B. Vann, III; Vantage Equity Associates, A New York General Partnership; David E. Hoffman; Gary L. Coxon; Robert B.

Payne; Melton R. Jewell; Marc A. Grosack, Nancy D. Grosack, Randy Masters; Joseph Gould; Jerry Leitman; James Callan; James E. Reittinger; Billy W. Lisle; Yelameli S. Murphy; Sam Murphree, Jr.; Bernyce Hayes; James Wollin; Burton Silverstein; Carl R. Gallo; John H. Doyle, III; David McDowell; Richard Kalchbrenner; Gregory Sullivan; Bette Levine; Gerald Kaufman; Edward Hutton; Ted J. Mathews; Jan C. Seski; Bernard Steinfeld; Harriet Steinfeld; Edward C. Kornbluh; Gerald Bertoni; Muriel Vilinsky; Daniel P. Miller; Arthur G. Charbonneau; Nancy W. Charbonneau, Plaintiffs,

v.

SOUTHEASTERN HISTORIC RESTORATION, INC.; Interfirst Development Corporation; H.J.A. Alexander, P.C.; Stanley L. Sekulow; Sekulow & Roth, P.C.; Skillman Siewert, Inc.; Chapman Appraisal Company, Inc.; Skillman E. Siewert; Cardell & Associates, Inc.; Abiel, Bolles, Inc. Investment Bankers; Berk & Michaels, P.C.; Park Equities, Ltd.; First Boca Raton Investment Corp., a/k/a Viceroy International Securities Corp.; Laventhol & Horwath; Sidney D. Berk; Harold J.A. Alexander; Norman M. Michaels; Citytrust; National Bank of Georgia; Nutmeg Financial Services, Inc.; Richard Sesholtz; David Mishkin; Marla Yoss; Ike Lichtenstein; David Chapman; James Chadbourn Bolles, Jr.; Manuel Ascencio; Frank Cardell, Defendants.

Civ. A. No. 1:86–CV–2587–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 4, 1988.

---

Robert J. Kaufman, Gingold, Kaufman & Chaiken, Atlanta, Ga., and Wyatt B. Durrette, Jr., Donald W. Lemons and William J. Irvin, McCarthy, Durrette & Davenport, Richmond, Va., for plaintiffs.

Herald J.A. Alexander, Thomas Ryan Mock, Jr., Henry Lane Young, II, Freeman & Hawkins, David Elliott Spalten, Lex Allen Watson, III, Merritt & Tenney, Atlanta, Ga., Wendy Woods Williamson, Oliver, Maner & Gray, Chapman Appraisal Co., Inc., Savannah, Ga., Skillman E. Siewert, F. Carter Tate, Abney, Tate & Mallernee, Kevin B. Getzendanner, Glenn Paul Hendrix, Jeffrey Michael Smith, Jean Ellen Simons, Arnall, Golden & Gregory, Kenneth Lee Millwood, Patricia E. Ratner, Smith, Gambrell & Russell, Atlanta, Ga., James Gkonos, Laventhol & Horwath, Philadelphia, Pa., J. Marbury Rainer, David N. Heaton, Parker, Hudson, Rainer & Dobbs, Donald Jay Goodman, Emory A. Schwall, Schwall, Ruff & Goodman, Phillip S. McKinney, Rogers & Hardin, Jeffrey O. Bramlett and Cathleen Mary Mahoney,

Bondurant, Mixson & Elmore, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendant I. Robert Lichtenstein's motion to dismiss claims against him under Fed.R.Civ.P. 12. The motion is based on lack of subject matter jurisdiction, Rule 12(b)(1), lack of personal jurisdiction, Rule 12(b)(2), and improper venue, Rule 12(b)(3). This memorandum order follows oral argument held October 26, 1988, in which the court orally ruled on the motion. For the reasons discussed below, the motion is GRANTED.

## I. STATEMENT OF THE CASE.

This case is an action for securities fraud brought by forty-four plaintiffs, limited partners in a partnership created to restore and manage several historic buildings in downtown Atlanta, Georgia. Plaintiffs have brought claims against thirty-three defendants, individuals and corporations. The defendants include the general partners of the partnership, the general contractor, the developer, the accountants to the partnership, tax counsel to the partnership, manager for the project, counsel to the partnership, brokers who sold shares in the partnership, accountants to the particular plaintiffs, accountants who reviewed financial statements of the partnership, and corporations from which the plaintiffs brought interests, an appraisal firm, and banks involved with the partnership. In their second amended complaint, plaintiffs allege various counts of security fraud in the sale of partnership shares and in the conduct of the partnership and related claims. Jurisdiction for the action is based on 15 U.S.C. § 77v, 15 U.S.C. § 78aa, 28 U.S.C. § 1331 and pendent jurisdiction.

Two plaintiffs, Bernyce Hayes and Muriel Vilinsky, assert claims against this defendant, I. Lichtenstein, for breach of fiduciary duty (Count VII) and professional negligence (Count VIII). The complaint alleges that the defendant was an employee of Berk & Michaels, P.C., and Park Equities, Ltd., both defendants. Berk & Michaels is a public accounting firm, which plaintiffs allege represented some plaintiffs as accountants in personal and business affairs, Complaint, ¶ 12, and also were accountants for the partnership, id., ¶ 38. Park Equities, affiliated with Berk & Michaels, is alleged to be a securities broker/dealer. Id., ¶ 14. The complaint alleges in paragraph 12 that the defendant acting within the scope of his employment, sold partnership units to plaintiffs Hayes and Vilinsky, and that these two plaintiffs received accounting advice related to the partnership investment from him. Plaintiffs allege in Count VII that Lichtenstein breached the fiduciary duty he owed to these two plaintiffs. Count VIII alleges professional negligence. Defendant Lichtenstein is not named in any of the counts in which federal security claims are raised.

Both defendant and plaintiffs admit that there is no independent ground for subject matter jurisdiction for defendant Lichtenstein. There are no federal claims raised against this defendant, only common law state claims. Plaintiffs premise jurisdiction on the doctrine of pendent jurisdiction. Defendant's motion urges this court that the pendent jurisdiction doctrine is not applicable in this situation, and the court should use its discretion to dismiss the claims against the defendant.

## II. CONCLUSIONS OF LAW.

### A. *Pendent Party Jurisdiction.*

In *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme court addressed the requirements for pendent claim jurisdiction. First, the state and federal claims must derive from a "common nucleus of operative fact" in order to satisfy Article III of the Constitution. *Id.* at 725, 86 S.Ct. at 1138. Second, the court must exercise its discretion. *Id.* at 726, 86 S.Ct. at 1139. The Supreme Court addressed pendent party jurisdiction in *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276

(1976).[1] The Court noted that federal courts are courts of limited jurisdiction. *Id.* at p. 15, 96 S.Ct. at 2420–21. The Court observed that "if the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence." *Id.* at 18, 96 S.Ct. at 2422; *see also, Brown v. United States,* 838 F.2d 1157, 1159 (11th Cir.1988).

■ The first issue to be addressed is whether the claims against the defendant arise from a common nucleus of operative fact. *Gibbs,* 383 U.S. at 715, 86 S.Ct. at 1130; *Brown,* 838 F.2d at 1159. The federal claims are substantial. The complaint includes nineteen pages of facts which form the basis of plaintiffs' claims. Among other things, they allege that funds were diverted to unauthorized uses, that defendants made misrepresentations about the amount of work completed and the financial status of the partnership and failed to reveal material facts about the investment, that the brokers/dealers failed to investigate the investment and misled investors, that defendants prepared a misleading report which it distributed to defendants and plaintiffs, and other claims of mismanagement.

The facts that form the basis of the plaintiffs' claims against defendant Lichtenstein arise from accounting services he provided to them, which included advice to buy shares and the sale of the partnership interests to them. Complaint, ¶ 12. The nucleus of operative facts in this case is rather large, and the facts underlying the claims against defendant Lichtenstein appear to be at the periphery of the nucleus. Though the claims may be on the fringes of this case, it appears that the claims are ones which ordinarily would be expected to be tried all in one proceeding, *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138, and are part of the common nucleus of operative fact.

■ Next, we must examine whether the statute conferring jurisdiction over the federal claims has not expressly or by implication negated the jurisdiction. *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422; *Brown,* 838 F.2d at 1159. Jurisdiction is premised on 15 U.S.C. §§ 77v and 78aa. Section 77v, included with the 1933 Securities Act, allows concurrent jurisdiction with the state courts for claims arising under that act. However, the 1934 Act provides for exclusive jurisdiction in the federal courts for claims arising from that act. 15 U.S.C. § 78aa. The Supreme Court noted in *Aldinger* that when the grant of jurisdiction is exclusive, the argument for economy and convenience can be coupled with the argument that only in federal court may all the claims be tried together. 427 U.S. at 18, 96 S.Ct. at 2422. Plaintiffs' claims here are based both on the 1933 Act and the 1934 Act. Therefore, it is clear that only in federal court can all these securities claims be tried in one forum. Any closely related state claims also can be brought together with the federal securities claims only in a federal court. The language of §§ 77v and 78aa does not negate the existence of pendent party jurisdiction in securities cases. Because the facts arise from a common nucleus and the statutes do not negate jurisdiction, this court has the power to hear the pendent state claims against defendant Lichtenstein.

■ However, the exercise of pendent jurisdiction is one of discretion for the district court. *Giardiello v. Balboa Insurance Co.,* 837 F.2d 1566, 1570 (11th Cir. 1988); *Williams v. Bennett,* 689 F.2d 1370

---

1. Unlike *Gibbs,* where a state claim was asserted against a defendant who also had a federal claim raised against him, the defendant county in *Aldinger* was before the court only because the claim raised against it was related to federal claims under 42 U.S.C. § 1983 raised against other defendants. At the time *Aldinger* was decided, municipalities were not considered "persons" who could be liable under § 1983. This position changed in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**624**

(11th Cir.1982). Factors to be considered include judicial economy, convenience and fairness to the litigants, comity, whether the claims are closely tied, whether the state claims or federal claims predominate, and possible jury confusion in trying the two claims together. *Gibbs,* 383 U.S. at 726–727, 86 S.Ct. at 1139–1140.

█ Federal courts are courts of limited jurisdiction, *Aldinger,* 427 U.S. at 1, 96 S.Ct. at 2413, and the Eleventh Circuit has described pendent party jurisdiction as "tenuous," *Williams,* 689 F.2d at 1370. Though this court has power to hear the claims against Mr. Lichtenstein, it chooses in its discretion not to. The claims against Mr. Lichtenstein are within the common nucleus of operative fact, but they are on the periphery of the suit and his involvement is small compared to the other defendants. It is unfair to subject the defendant to a prolonged trial, conceivably several weeks long, in a distant forum to defend himself against claims that would take a few days if tried separately. The addition of another defendant who has little to do with the securities fraud which forms the basis of the suit would only serve to increase the complexity of the case and the possibility of jury confusion. Comity concerns weigh against exercising jurisdiction, because the New York courts have a greater concern with enforcing and interpreting New York law than does a federal court sitting in Georgia. Judicial economy of allowing the claim against Lichtenstein to remain in the case is outweighed by the risk of jury confusion and the unfairness to the defendant to have his claim tried in a distant forum.

Further, defendant asserts that plaintiffs have not carried their burden of showing *in personam* jurisdiction over the defendant. The sale of the shares and the accounting advice which form the basis of plaintiffs' claims all took place in New York, involving citizens of New York, Massachusetts and New Jersey. It is doubtful that the defendant's actions can fit under Georgia's Long–Arm Statute, O.C.G.A. § 9–10–91, in order to confer jurisdiction in this court. The defendant had no contacts with the state of Georgia except for advice about and the sale of a Georgia security. It is doubtful that due process reaches so far. Defendant's motion to dismiss is GRANTED because pendent party jurisdiction is inappropriate in this case as to this defendant.

### III. OTHER MOTIONS.

Defendant Citytrust has moved to file supplemental authority in support of its motion to dismiss. The motion to file supplemental authority is DENIED as moot as the motion to dismiss has already been decided by the court.

SO ORDERED.